FILED
SUPERIOR COURT
OF GUAM

2022 FEB 22 PM 3: 37

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                                  Plaintiff,<br><br>vs.<br><br>JERMI TODD QUPUA SABLAN TOVES,<br>DOB: 01/27/1990<br><br>                                Defendant. | Criminal Case No. CF0599-21/CM0383-21<br>GPD Report No: 21-29024/21-24192<br><br><br>**DECISION AND ORDER FINDING DEFENDANT COMPETENT TO STAND TRIAL** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on February 15, 2022, for a Competency Hearing. Alternate Public Defender Brycen Breazeale appeared for Jermi Todd Qupua Sablan Toves ("Defendant"). Assistant Attorney General Rolland Wimberly appeared for the People of Guam ("People"). Having considered the Defendant's Forensic Evaluation, Dr. Rapadas's testimony, the parties' oral arguments, and the applicable law, the Court now issues the following Decision and Order and **finds Defendant competent to stand trial in Superior Court of Guam Criminal Case Nos. CF0599-21 and CM0383-21.**

## BACKGROUND

On October 4, 2021, Defendant was arrested and charged with the following in Superior Court of Guam Criminal Case No. CM0383-21: (1) Two Counts Harassment (As Petty

Misdemeanors) and (2) Disorderly Conduct (As a Petty Misdemeanor). Mag. Complaint, Oct. 4, 2021. Police records indicate Defendant threatened staff members at the Guam Behavioral Health and Wellness Center ("GBHWC"). *Id.* On October 13, 2021, Defendant pled Not Guilty by Reason of Mental Illness, Disease, or Defect. Minute Entry, Oct. 13, 2021. Pursuant to 9 GCA § 7.25, the Client Services and Family Counseling Division of the Superior Court of Guam ("CSFC") arranged for Defendant to undergo a forensic evaluation with a qualified psychologist. Order for Forensic Evaluation, Nov. 5, 2021. On December 13, 2022, Defendant underwent his forensic evaluation with Dr. Juan Rapadas, an expert clinical psychologist at CSFC. Forensic Evaluation at 2, Dec. 13, 2021. The Court held a hearing on February 15, 2022, to determine Defendant's competency to stand trial. After hearing the arguments of the parties, the Court found Defendant competent to stand trial.

On December 2, 2021, Defendant was arrested and charged with the following in Superior Court of Guam Criminal Case No. CF0599-21: (1) Two Counts of Terrorizing (As a Third Degree Felony); (2) Two Counts of Harassment (As a Petty Misdemeanors); (3) Disorderly Conduct (As a Petty Misdemeanor); and (4) Criminal Trespass (As a Petty Misdemeanor). Indictment, Dec. 2, 2021. Police records indicate Defendant threatened a security officer at GBHWC. Mag. Complaint, Nov. 23, 2021. On December 7, 2021, Defendant pled Not Guilty by Reason of Mental Illness, Disease, or Defect. Minute Entry, Dec. 7, 2021. Pursuant to 9 GCA § 7.25, CSFC arranged for Defendant to undergo a forensic evaluation with a qualified psychologist. Order for Forensic Evaluation, Dec. 9, 2021. On January 6, 2022, Defendant underwent his forensic evaluation with Dr. Juan Rapadas, an expert clinical psychologist at CSFC. Forensic Evaluation at 2, Jan. 6, 2022. The Court held a hearing

on February 15, 2022, to determine Defendant's competency to stand trial. After hearing the arguments of the parties, the Court found Defendant competent to stand trial.

## DISCUSSION

"A defendant is incompetent to be proceeded against in a criminal action if, as a result of mental illness . . . he is unable (1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." 9 GCA § 7.37(a)(1)–(4).

Defendant appeared mentally sound throughout both forensic evaluations. Defendant was oriented to person, place, time, and object in both examinations. Forensic Evaluation at 5, Dec. 13, 2022; Forensic Evaluation at 5, Jan. 6, 2022. Defendant knew why he was taking the forensic evaluations, and did not struggle with attention and concentration throughout the assessments. Forensic Evaluation at 5, Dec. 13, 2022; Forensic Evaluation at 5, Jan. 6, 2022. Defendant's speech flow and content was appropriate to mood and situation, organized, and focused in both forensic evaluations. Forensic Evaluation at 5, Dec. 13, 2022; Forensic Evaluation at 5, Jan. 6, 2022. Defendant also showed reliable short and long-term memory, and was able to describe his home life, family relationships, education, and work history. Forensic Evaluation at 3–4, Dec. 13, 2022; Forensic Evaluation at 3–4, Jan. 6, 2022.

Defendant underwent a mini-mental examination ("MMSE") at the forensic exam on December 13, 2021, which is a brief test used to gage the Defendant's current orientation, object registration, attention, language recognition, and ability to recall. Forensic Evaluation at 4, Dec. 13, 2022. Consequently, Dr. Rapadas did not re-administer a MMSE at the January 6, 2022 forensic exam. Forensic Evaluation at 5, Jan. 6, 2022. Defendant scored 29/30 on the

MMSE, which indicates he is not currently suffering from overall cognitive weaknesses, dementia, or memory problems. Forensic Evaluation at 4, Dec. 13, 2022.

Defendant's understanding of the criminal proceedings also seems fair. Defendant understands the nature of his arrest and charges, knows the name of his attorney, knows that his next court hearing is coming up, and can explain the difference between a misdemeanor and a felony. Forensic Evaluation at 5, Dec. 13, 2022; Forensic Evaluation at 5, Jan. 6, 2022. Defendant is also willing to talk openly in English and has expressed a desire to work alongside his attorney in preparing a legal defense. Forensic Evaluation at 5, Dec. 13, 2022; Forensic Evaluation at 5, Jan. 6, 2022.

It is noteworthy that Defendant was previously diagnosed with Schizoaffective Disorder, Bipolar I Disorder; Post-traumatic Stress Disorder; Anxiety Disorder; Physical, Psychological, and Sexual Abuse as a Child; Social Exclusion or Rejection; and Homelessness. Forensic Evaluation at 5, Dec. 13, 2022; Forensic Evaluation at 5, Jan. 6, 2022. Defendant has received extensive mental healthcare throughout his life, including participating in the I'Famaguon'ta program at GBHWC. Forensic Evaluation at 6, Jan. 6, 2022. Defendant is currently taking anti-psychotic medications. Forensic Evaluation at 5, Dec. 13, 2022; Forensic Evaluation at 5, Jan. 6, 2022. With these medications and the programs at Post 7, Defendant has been clinically stable for several weeks now. Forensic Evaluation at 2, Jan. 6, 2022.

Taking all data in total, Defendant is currently competent to be proceeded against and to be sentenced. As Dr. Rapadas laid out in his report, Defendant is currently not experiencing any psychotic symptoms. Defendant can also engage in conversation with his attorney, process any legal advice he may provide, and help plan a defense strategy. This ability, combined with

Defendant's strong MMSE test results indicate that Defendant has no major cognitive weaknesses or mental illness preventing him from assisting in his defense.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

For the above reasons, the Court makes the following findings of fact and conclusions of law:

- Defendant does possess the mental competency "(1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." 9 GCA § 7.37(a)(1)–(4).

- Defendant is currently competent to stand trial in Superior Court of Guam Criminal Case Nos. CF0599-21 and CM0383-21.

- Defendant can make any diminished capacity defense he may have at trial.

SO ORDERED, this __22__ day of __February__ 2022.

_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

Date: 2/22/22 Time: 4:00

Clerk, Superior Court of Guam